U. S. MALUIA of Nu'uuli, Plaintiff

v.

TAGO of Nu'uuli, Defendant

No. 5-1962

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Asofitu" in Nu'uuli]

February 13, 1962

Tago *pro se.*
Lagafuaina, Counsel for Maluia.

OPINION OF THE COURT

MORROW, *Chief Judge.*

Tago filed his application with the Registrar of Titles to have certain land designated as Asofitu in the Village of Nu'uuli registered as the communal family land of the Tago Family. A survey of the land proposed to be registered accompanied the application. The land is on the mountain side of the main highway going from Fagatogo to Leone. The land offered for registration is in fact only a part of the larger tract of land generally known as Asofitu.

Maluia of Nu'uuli filed an objection to the proposed registration claiming that the land involved was the communal property of the Maluia Family. Prior to the hearing, the Court viewed the property in the presence of both parties.

Tago, who is 83 years old, claimed on the witness stand that the land had been cleared from the bush by the Tago people before the Government was established in 1900, and that he had helped with the clearing. He further testified that after the clearing was accomplished the Tago people put in plantations on the land and that the Tago people have been in open, notorious, continuous, exclusive, and peaceable possession of the property from the time of the clearing up to the present time, claiming it as the communal property of the Tago title. Iose and Fui live on the land. Both are Tago Family members and render service to Tago. Iose has lived on the land since 1941, Fui since about 1954.

Maluia, who is 62 years old, testified that the Maluia people cleared the land from the bush and put in plantations on it, and that about 1906 or 1907 Maluia Akeimo gave the land to Tago Sifaga to serve the Tago title. Maluia further testified that he saw it cleared when he was a small boy. If he is correct as to seeing it cleared, it was necessarily cleared after the Government was established in 1900, since Maluia is only 62 years old. Maluia testified that he was six or seven years old when the gift was made. Maluia also claimed that the land was given to Tago Sifaga for his personal use. Tago Sifaga died in 1951 and was succeeded in that year by Tago Leti, the present Tago.

We think that the testimony of Maluia that the land was given to Tago Sifaga to serve the Tago title is somewhat inconsistent with his testimony that it was given to Tago Sifaga for his personal use. We furthermore think that Maluia was so young in 1906 or 1907 (he was only six or seven years old then) when the gift was made that he would have no knowledge about the nature of the gift, and that his testimony is based purely on hearsay 55 or 56 years after the gift was made, and is, therefore, not very reliable.

Regardless of whether the Tago people first cleared the land and became owners of it through first occupancy accompanied by a claim of ownership (see *Faoliu Lualemana v. Filo*, No. 55-1961, H.C. of Am. Samoa, in which the Court pointed out that "The Samoan people acquired title to their lands through first occupancy coupled with a claim of ownership.") or whether it was given to Tago Sifaga by Maluia Akeimo in 1906 or 1907, as Maluia testified, we are satisfied from the evidence that it is Tago communal family land. Furthermore, the Tago people have been in the open, notorious, peaceable, exclusive, and continuous possession of the land, claiming it as Tago communal family land for more than 20 years. Under these circumstances, their possession has been adverse to any other claimant and would extinguish the claim of any other claimant. Section 907(2) of the American Samoan Code provides that the "statutory period governing acquisition of title by adverse possession" shall be 20 years. The effect of the running of the statutory period of 20 years is to divest the owner of his title and to invest the adverse possessor with the title. 2 Corpus Juris Secundum 803. This same principle was approved by the Supreme Court of the United States in *Maxwell Land Grant Co. v. Dawson*, 151 U.S. 586, 607.

It is our conclusion from the evidence that this land is Tago communal family land.

## DECREE

Accordingly, it is ORDERED, ADJUDGED AND DECREED that the land Asofitu as shown on the survey accompanying the application to register the same as the communal family land of the Tago Family of Nu'uuli shall be registered as the communal family land of the Tago Family of Nu'uuli.

The Registrar of Titles will be advised of this decree. Costs in the sum of $9.00 are hereby assessed against Maluia, the same to be paid within 30 days.